UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
MICHAEL AND SUSAN REESE

    Debtors,

WETHERSFIELD CONDOMINIUM
ASSOCIATION

    Appellant,

v.    Case No. 07-14734
    Hon. Sean F. Cox

KRISPEN S. CARROLL, Chapter 13
Trustee

    Appellee.
_____

## OPINION AND ORDER

This matter is before the Court on an Appeal from the Bankruptcy Court's Order Granting Trustee's Objection to Proof of Claim of Wethersfield Condominium Association [Bankr. Doc. 32], and the Opinion and Order Denying Motion for Reconsideration of that Order [Bankr. Doc. 95]. Appellant is the creditor, Wethersfield Condominium Association. Appellee is the Chapter 13 Bankruptcy Trustee. Both parties briefed the issues. Oral argument was held February 20, 2008. For the following reasons, the Court **AFFIRMS** the bankruptcy court's rulings.

### I.    BACKGROUND

This action arises from the Chapter 13 bankruptcy of debtors Michael and Susan Reese.

The debtors filed Chapter 13 bankruptcy on November 18, 2005. At that time, Appellant, Wethersfield Condominium Association had a secured claim for past due condominium association fees. Appellant filed a proof of claim for an arrearage in the amount of $1,045.50 and a continuing monthly obligation of $165.00. It is undisputed that the Trustee paid the arrearage and has made the monthly payments. The debtors account is current. The debtors' Chapter 13 plan was confirmed by the bankruptcy court on January 25, 2006.

On October 12, 2006, Appellant filed a Supplemental Proof of Claim seeking a claim for "Costs of Plan Monitoring During Course of Plan." This claim does not seek past due association fees. Rather, Appellant seeks the attorney fees incurred in monitoring the bankruptcy plan.

On May 2, 2007, the Trustee filed an objection to Appellant's claim. By order entered July 11, 2007, the bankruptcy court granted the Trustee's objection and disallowed Appellant's claim. Appellant filed a motion for reconsideration, which was denied on October 26, 2007. The bankruptcy court found that the type of fees Appellant seeks to recover are not provided for in the Michigan statutes upon which Appellant relies. Appellant filed the instant appeal on November 2, 2007.

## II. STANDARD OF REVIEW

"A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*." *In re A.P. Liquidating Co.*, 350 B.R. 752, 754-755 (E.D.Mich. 2006)(citing *Mapother & Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 476-477 (6th Cir. 1996)). "Where a bankruptcy court's determination involves a mixed question of fact and law, the district court 'must break it down into its constituent parts and apply the

2

appropriate standard of review for each part.'" *Id.* (citing *Wesbanco Bank Barnesville v. Rafoth*, 106 F.3d 1255, 1259 (6th Cir. 1997)). Questions of statutory interpretation are reviewed *de novo*. *In re Sharon*, 234 B.R. 676, 679 (6th Cir.BAP 1999).

### III.  ANALYSIS

The issue in this case is the bankruptcy court's ruling that Appellant's supplemental claim for attorney fees is not allowable. In litigation, each side must bear its own expenses unless the law or court rules specify an exception. *Bennett v. Weitz*, 220 Mich.App. 295, 302 (Mich.App. 1996). Thus, it is incumbent on Appellant to identify what law allows it to collect attorney fees in this case. Appellant asserts two statutory bases for its claim, MCL § 559.206 and MCL § 559.208, as well as relying on the Master Deed.[1]

#### A.  MCL § 559.206

Section 559.206 provides, in relevant part:

> (b) In a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, if successful, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, to the extent the condominium documents expressly so provide.

Appellee argues that this statute does not apply because Appellant does not demonstrate that the "condominium documents expressly so provide" for attorney fees incurred in monitoring a bankruptcy plan. Appellant includes a portion of the Master Deed agreement for the debtors' condominium. [Exhibit 7]. Appellant alleged at the hearing that Section 7(d) provides for the fees sought in this case. Section 7(d), entitled "Expenses of Collection," states "[t]he expenses

---

[1] At the hearing, Appellant attempted to assert additional bases for its claim. However, because those arguments were not before the bankruptcy court, this Court will not consider them on appeal.

incurred in collecting unpaid assessments, including interests, costs, actual attorneys' fees (not limited to statutory fees) and advances for taxes or other liens paid by the association to protect its lien, shall be chargeable to the Co-owner in default and shall be secured by the lien on his or her Unit." [Exhibit 7, Master Deed, ¶7(d)].

Section 7(d) does not expressly provide for attorney fees incurred in the course of monitoring a bankruptcy plan. Further, attorney fees incurred through monitoring a bankruptcy plan are not expenses of collection. It is not the case that Appellant incurred these fees through its normal collection process. Rather, the attorney fees are expenses incurred because of a separate bankruptcy proceeding initiated by the debtor. Accordingly, the attorney fees incurred in monitoring debtors' bankruptcy plan were not incurred in collecting unpaid assessments. Even if the attorney fees were incurred "in collecting unpaid assessments" pursuant to Section 7(d), Appellant is still not entitled to the fees. Section 7(d) also states that the expenses are chargeable to "the Co-owner in default." It is undisputed that debtors are not in default because the plan has been paid according to its terms, thus this provision does not apply.

Moreover, even if Section 7(d) was broad enough to "expressly so provide" for attorney fees incurred while monitoring a bankruptcy plan, Appellant is still not entitled to collect attorney fees under MCL § 559.206. Section 559.206 requires that the proceeding arise "because of an alleged default." The "proceeding" referred to in § 559.206 does not encompass bankruptcy proceedings. For instance, § 559.206 provides that the association, or the condominium owner, if successful, may recover costs and attorney fees. Undoubtedly, § 559.206 contemplates an action brought by the association to recover for a default, the type of adversarial proceeding in which one party or the other may be considered "successful." Section

4

559.206 does not encompass bankruptcy proceedings. Accordingly, the bankruptcy court is affirmed in its ruling that Appellant's claim for attorney fees incurred in monitoring the bankruptcy plan are not an allowable claim pursuant to MCL § 559.206.

**B.  MCL § 559.208**

Appellant also argues that "MCLA 559.208 provides that attorney fees accrued in enforcement also become a lien on the real estate." Appellant indicated at the hearing that it relies on MCL § 559.208(1) and (2). Neither the bankruptcy court, nor the Appellee, addressed MCL § 559.208.[2] MCL 559.208 provides, in pertinent part:

> (1) Sums assessed to a co-owner by the association of co-owners that are unpaid together with interest on such sums, collection and late charges, advances made by the association of co-owners for taxes or other liens to protect its lien, attorney fees, and fines in accordance with the condominium documents, constitute a lien upon the unit or units * * * The lien may be foreclosed by an action or by advertisement by the association of co-owners in the name of the condominium project on behalf of the other co-owners.
>
> (2) A foreclosure shall be in the same manner as a foreclosure under the laws relating to foreclosure of real estate mortgages by advertisement or judicial action except that to the extent the condominium documents provide, the association of co-owners is entitled to reasonable interest, expenses, costs, and attorney fees for the foreclosure by advertisement or judicial action. * * *

It is unclear how either provision supports a claim in a bankruptcy proceeding for attorney fees incurred in the course of monitoring the plan. Section 559.208(1) provides that attorney fees (presumably in accordance with the condominium documents), may become part of a lien on a condominium unit. Here, Appellant conceded at the hearing there is no lien for the attorney fees incurred during the course of monitoring the bankruptcy plan. This provision is inapplicable. Section 559.208(2) is similarly unavailing because it addresses foreclosure

---

[2]Nonetheless, Appellant did cite the statute at the initial hearing. [Exhibit 9, p.4].

5

proceedings, which are not at issue here.

MCL § 559.208(1) and (2) do not support Appellant's claim for attorney fees incurred in the course of monitoring the debtors' bankruptcy plan.

### IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the bankruptcy court in its Order Granting Trustee's Objection to Proof of Claim of Wethersfield Condominium Association [Bankr. Doc. 32], and the Opinion and Order Denying Motion for Reconsideration of that Order [Bankr. Doc. 95], disallowing Appellant's supplemental claim for attorney fees incurred during the course of monitoring the bankruptcy plan.

**IT IS SO ORDERED.**

                                **S/Sean F. Cox**
                                **Sean F. Cox**
                                **United States District Judge**

**Dated: February 22, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2008, by electronic and/or ordinary mail.**

                                **S/Jennifer Hernandez**
                                **Case Manager**